UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY SAVY MEAS, | No. 2:24-cv-01295 CKD |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") finding that her disability ended on October 21, 2021 under section 223(f) of the Social Security Act ("Act"). The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. ECF No. 6. The parties have filed cross-motions for summary judgment. ECF Nos. 11 & 15. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1972, was found disabled beginning February 21, 2018 due to cervical cancer. Administrative Transcript ("AT") 17, 33, 47. On August 29, 2022, pursuant to a continuing disability review ("CDR"), the Commissioner found plaintiff was no longer disabled

as of October 21, 2021.[1]  AT 17.  Plaintiff requested reconsideration of the decision, and the determination was upheld upon reconsideration after a hearing by a State agency Disability Hearing Officer.  AT 17.  Plaintiff next requested a hearing before an Administrative Law Judge (ALJ).  AT 17.  After holding a hearing via videoconference on May 23, 2023 (AT 44-66), the ALJ concluded that plaintiff's disability ended on October 21, 2021.  AT 35.  Plaintiff challenges the ALJ's July 27, 2023 decision in the instant case.

In it, the ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1.  The most recent favorable medical decision finding that the claimant was disabled is the determination dated May 24, 2018.  This is known as the 'comparison point decision' or CPD.
>
> 2.  At the time of the CPD, the claimant had the following medically determinable impairment: invasive squamous cell carcinoma of the cervix.  This impairment was found to meet section 13.23 of the Listing of Impairments at 20 CFR Part 404, Subpart P, Appendix 1.
>
> 3.  Through the date of this decision, the claimant has not engaged in substantial gainful activity.
>
> 4.  The medical evidence establishes that, since October 21, 2021, the claimant has had the following medically determinable severe impairments:  degenerative disc disease, depression, residuals of radiation treatment.  These are the claimant's current impairments.
>
> 5.  Since October 21, 2021, the claimant has not had an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 6.  Medical improvement occurred on October 21, 2021.
>
> 7.  The medical improvement is related to the ability to work because, by October 21, 2021, the claimant no longer had an impairment or combination of impairments that met or medically equaled the same listing(s) that was met at the time of the CPD.
>
> 8.  Since October 21, 2021, the claimant has continued to have a severe impairment or combination of impairments.
>
> 9.  Based on the impairments present since October 21, 2021, the claimant has had the residual functional capacity to perform light work, except she can lift, carry, push or pull up to 20 pounds occasionally, 10 pounds frequently; sit, stand or walk up to six hours

---

[1] "The Commissioner of the SSA must conduct periodic continuing disability reviews of persons who receive disability benefits."  Lambert v. Saul, 980 F.3d 1266, 1268 (9th Cir. 2020), citing 42 U.S.C. § 421(i); 20 C.F.R. § 404.1590.

each in an eight-hour workday, and never climb ladders, ropes or scaffolds. She can occasionally climb ramps and stairs and occasionally balance and crawl. She can never work at unprotected heights. She is limited to understanding, remembering and carrying out simple, routine and repetitive tasks and using judgment limited to simple work-related decisions.

10. Since October 21, 2021, the claimant has been unable to perform past relevant work.[2]

11. On October 21, 2021, the claimant was a younger individual age 18-49.

12. The claimant has at least a high-school education.

13. Since October 21, 2021, transferability of job skills is not material to the determination of disability[.]

14. Since October 21, 2021, considering the claimant's age, education, work experience, and residual functional capacity, the claimant has been able to perform a significant number of jobs in the national economy.[3]

15. The claimant's disability ended on October 21, 2021, and the claimant has not become disabled again since that date.

AT 18-35.

ISSUES PRESENTED

Plaintiff contends that the ALJ committed the following errors: (1) the ALJ did not reasonably find that medical improvement occurred; (2) the ALJ improperly discounted plaintiff's subjective symptom testimony; (3) the ALJ's residual functional capacity determination was not supported by substantial evidence; and (4) the ALJ erred in finding at step five that plaintiff could perform available jobs in the national economy.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "The ALJ is

---

[2] At the hearing, plaintiff testified that she worked as a dealer at a casino from 2006 to 2018. AT 61-62.

[3] Relying on vocational expert (VE) testimony, the ALJ found plaintiff could perform representative occupations such as small products assembler, office helper, and routing clerk. AT 34.

1   responsible for determining credibility, resolving conflicts in medical testimony, and resolving
2   ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).
3   "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one
4   rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

5   The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th
6   Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's
7   conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not
8   affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see
9   also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the
10  administrative findings, or if there is conflicting evidence supporting a finding of either disability
11  or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226,
12  1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in
13  weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

14  ANALYSIS

15     A. Medical Improvement

16  Plaintiff first claims that the ALJ did not reasonably find that medical improvement
17  occurred on October 21, 2021. Defendant counters that, as it is undisputed that plaintiff no longer
18  had cervical cancer as of October 21, 2021, the ALJ's finding of medical improvement was
19  reasonable.

20  The ALJ found that, as of October 21, 2021, plaintiff "no longer had an impairment or
21  combination of impairments that met or medically equaled the same listing(s) that was met at the
22  time of the CPD." (AT 22.) Under the cited regulation, 20 CFR 404.1594(b)(1), medical
23  improvement is "any decrease in the medical severity of your impairment(s) which was present at
24  the time of the most recent favorable medical decision that [the claimant was disabled]." For
25  plaintiff, the most recent favorable decision was issued May 24, 2018 and found she was disabled
26  because her cervical cancer met Listing 13.23(B)(1).[4] See AT 17, 19.

---

[4] This Listing concerns cancers of the female reproductive system, including cancer of the uterine cervix.

4

In the recent decision at issue, the ALJ noted that plaintiff "was successfully treated for cancer with no evidence of the disease currently." AT 22, citing AT 1360 (follow-up treatment record citing "no evidence of disease" in March 2022 CT scans and "no evidence of recurrence" in March and November 2021); see also AT 24 (noting that plaintiff's "cancer has been successfully treated and is no longer detectable").

In her motion for summary judgment, plaintiff does not dispute that her cancer has been successfully treated, but argues that the ALJ did not address pelvic pain causing "remaining weakness which affects her gait" and neurocognitive impairments, i.e., symptoms that occurred after the removal of her cancer. (ECF No. 11 at 9.) However, the ALJ did not err in concluding that plaintiff no longer met Listing 13.23(B)(1), constituting "medical improvement." Plaintiff's first claim lacks merit.

B. Subjective Symptom Testimony

Plaintiff claims the ALJ erred in discounting her subjective symptom testimony about her post-cancer medical issues. In a two-paragraph argument, plaintiff asserts that "[i]t is difficult to ascertain which statements support [the ALJ's] devaluation. As such, the ALJ has not provided citations to medical evidence which contradicts Ms. Meas' statements." (ECF No. 11 at 18.)

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); see also Lambert v. Saul, 980 F.3d 1266, 1277–78 (9th Cir. 2020).

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication,

5

treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. When discounting subjective testimony, an ALJ must provide "specific, clear, and convincing *reasons* for doing so." Wade v. Saul, 850 F. App'x 568, 569 (9th Cir. 2021) (emphasis in original), citing Lambert, 980 F.3d at 1277–78. This standard does "not require ALJs to perform a line-by-line exegesis of the claimant's testimony[.]" Lambert, 980 F.3d at 1277. However, an ALJ's detailed overview of the claimant's medical history—coupled with a nonspecific boilerplate conclusion that her testimony is "not entirely consistent" with her medical treatment—is not enough to satisfy the minimal requirements for assessing credibility. Id. at 1277–78.

In his decision, the ALJ included a lengthy summary of plaintiff's August 2022 disability hearing testimony, including statements that she felt "unable to work because she cannot focus and because of depression"; has memory problems and difficulty following directions; experiences numbness in her legs; and has pain all over her body, though medication helps with the pain. AT 23, citing AT 113.

The ALJ next summarized plaintiff's testimony at the May 2023 hearing before him as follows:

> [T]he claimant testified that she cannot work because she cannot concentrate or remember, is depressed and cannot follow instructions. Cervical cancer is resolved but her body is in pain, and she has problems walking and standing. The pain is inside her bones. She walks with a walker because she cannot stand for a long time. Her mother gave it to her. She takes pain medication three times a day that does help. She denied side effects. Her daughter reminds her to take her medications. She does not handle her own money.

AT 24; see AT 46-61 (hearing testimony).

The ALJ concluded that the intensity, persistence, and limiting effects of plaintiff's symptoms "are not entirely consistent with the objective medical evidence and other evidence for

6

the reasons explained in this decision." AT 24. After summarizing the medical record for four pages (which alone would not have been legally sufficient for an unfavorable credibility finding under Lambert), the ALJ explained:

> [W]hile the claimant alleges disability due to . . . chemotherapy and radiation related side effects consisting of memory loss and whole body joint pain, . . . her complaints of memory loss and body pain residuals are not entirely consistent with the objective evidence, as it has been approximately five years since her cancer treatments ended and her treating doctor indicated that much of her pain was out of the radiation field which would not be related to her prior treatment.[5] There is no medical evidence to substantiate her bone pain and her walker was provided by her mother and not medically prescribed. X-rays of the lumbar spine in October 2021 were normal. [Neuropathy] was not corroborated by diagnostic testing such as EMG/nerve conduction studies. Musculoskeletal testing has been noted to be normal. While she reports poor memory and difficulty concentrating, cognition has been noted to be normal on numerous occasions.

AT 29; see AT 24-29 (summary of medical evidence). This sufficiently explains what specific evidence undercut plaintiff's symptom allegations. Because the ALJ used the proper process and provided proper reasons, the court defers to his credibility finding.

### C. Residual Functional Capacity

Plaintiff claims the ALJ's residual functional capacity (RFC) determination was not supported by substantial evidence. Specifically, plaintiff argues that her ongoing pelvic pain, use of a cane, significant memory problems, and moderate limitations in maintaining pace should have resulted in a more restrictive RFC.

As noted above, the RFC stated that plaintiff could perform light work with multiple exertional limitations and was "limited to understanding, remembering and carrying out simple, routine and repetitive tasks and using judgment limited to simple work-related decisions." AT 22.

Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); see also Valencia v. Heckler, 751 F.2d

---

[5] Citing AT 1363 (2022 medical note from oncologist stating "I do not have a great explanation for her pain. Much of her pain is out of the radiation field which would not be related to her prior treatment.").

7

1082, 1085 (9th Cir. 1985). RFC is assessed based on the relevant evidence in the case record, including the medical history, medical source statements, and subjective descriptions and observations made by the claimant, family, neighbors, friends, or other persons. 20 C.F.R. §§ 404.1545(a)(1), 404.1545(a)(3). When assessing RFC, the ALJ must consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of work[.]" 20 C.F.R. §§ 404.1545(a)(4).

Plaintiff asserts that ongoing pelvic pain makes her unable to perform light work, citing an April 2021 medical note by oncologist Dr. Neelesh Bangalore, who wrote: "Since last visit, patient had been having significant deep pelvic pain. Therefore, I was concerned about patient having possibility of disease recurrence. Therefore, PET/CT imaging was done." AT 933. The ALJ noted this record in his summary of the medical evidence. AT 25. The ALJ also considered Dr. Bangalore's January 2022 note that plaintiff's cancer "has remained under control," she was "clinically stable," and a PET/CT scan from November 2021 showed no indication of cervical cancer recurrence. AT 26, citing AT 927. Insofar as Dr. Bangalore's notes (and plaintiff's argument on this issue) are based on plaintiff's subjective statements, these were not found fully credible, as discussed above.

Plaintiff also asserts that she has significant memory problems and migraines, citing Dr. Bangalore's January and August 2022 opinions stating she should be "on permanent disability" due to these and other symptoms. See AT 915. Plaintiff does not address the fact that the ALJ reviewed these opinions and found them "not persuasive" because they were conclusory and unsupported by the longitudinal treatment record. AT 30. Plaintiff cannot simply cherry-pick statements from medical opinions in the record without addressing how the ALJ weighed those opinions in determining the RFC. Plaintiff also cites assorted bits of evidence purportedly relating to her memory. ECF No. 11 at 14.

Plaintiff asserts she needs a cane, based on her own statements and a 2023 medical note that she fell down and "has a walker but rarely uses it." AT 1400. After reviewing the relevant evidence, including medical notes and plaintiff's testimony, the ALJ found that plaintiff did not need an assistive device. AT 29-30.

Essentially, plaintiff's arguments about the RFC merely attempt to reweigh the evidence in her favor. Plaintiff does not show why the RFC, as determined by the ALJ based on his weighing of the evidence, does not adequately reflect what she can do despite her mental and physical limitations. She is not entitled to relief on this claim.

D. Step Five

Lastly, plaintiff argues that the ALJ erred in finding at step five that she could perform available jobs in the national economy. This argument is based on plaintiff's previous arguments that the RFC was flawed, such that she could not stand long enough to perform light work or concentrate long enough to perform the jobs identified based on her RFC. As the court has found these arguments to lack merit, they are no basis for concluding that the ALJ erred at step five.

CONCLUSION

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 11) is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 15) is GRANTED; and

3. The Clerk of Court shall enter judgment for the Commissioner.

Dated: August 20, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/meas1295.ssi.ckd.cdr